NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTIAGO ABISAI ALVAREZ-BARRIOS; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-73584 <br><br> Agency Nos. A202-002-083 <br> A202-002-084 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Santiago Abisai Alvarez-Barrios and his minor son, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, and denying Alvarez-Barrios's application for withholding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish that the harm they experienced or fear was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) ("To establish a nexus to the political opinion ground, the [petitioners] must show (1) that [they] had either an affirmative or imputed political opinion, and (2) that they were targeted *on account of* that opinion."). Thus, petitioners' asylum and Alvarez-Barrios's withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Alvarez-Barrios failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala.

16-73584

*See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**